Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile:  (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Robert Michael Ray*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Michael Ray,<br><br>           Plaintiff,<br><br>      v.<br><br>The Prudential Insurance Company of America; SuperMedia, Inc.; SuperMedia, Inc. Long Term Disability Insurance Plan<br><br>           Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Robert Michael Ray (hereinafter referred to as "Plaintiff"), by and through his attorney, Scott E. Davis, and complaining against the Defendants, he states:

### *Jurisdiction*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

***Parties***

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant SuperMedia, Inc., also known as Dex Media, Inc., (hereinafter referred to as the "Company") sponsored, administered and purchased a group long term disability insurance policy which was fully insured by The Prudential Insurance Company of America (hereinafter referred to as "Prudential"). The specific Prudential group long term disability policy is known as Group Policy No.: 50662 (hereinafter referred to as the "LTD Policy"). The Company's purpose in sponsoring, administering and purchasing the LTD Policy was to provide long term disability insurance for its employees. Upon information and belief, the LTD Policy may have been included in and part of an employee benefit plan, specifically named the SuperMedia, Inc. Long Term Disability Insurance Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, Prudential functioned as the claims administrator of the LTD Policy; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Prudential.

5. Upon information and belief, Plaintiff believes Prudential operated under a conflict of interest in evaluating his long term disability claim due to the fact that it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well it

was the payor of benefits. Prudential's conflict existed in that if it found Plaintiff was disabled, it was then liable to pay for his LTD benefits.

6. The Company, Prudential, and the Plan all conduct business within Maricopa County and all events giving rise to this Complaint occurred within Arizona.

*Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

8. Incident to his employment, Plaintiff was a covered employee pursuant to the Plan and relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other employee benefits he may be entitled to from the Plan and any other Company Plan, as a result of being found disabled in this action.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about March 10, 2014, due to serious medical conditions and was unable to work in his designated occupation as a Premise Marketing Consultant.

10. Following his disability, Plaintiff applied for LTD benefits under the LTD Policy, which provides the following definition of disability:

> You are disabled when Prudential determines that:
> - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you are under the regular care of a doctor; and
> - you have a 20% or more loss in your monthly earnings due to that sickness or injury.
>
> After 18 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training and experience; and
- you are under the regular care of a doctor.

11. In support of his claim for long term disability benefits, Plaintiff submitted to Prudential medical, vocational and lay-witness evidence supporting his allegation that he met any definition of disability as defined in the policy.

12. In a letter dated January 21, 2015, Prudential informed Plaintiff it was reviewing his claim for long term disability benefits.

13. On December 31, 2014, Plaintiff informed Prudential that he had returned to work with the Company on October 27, 2014.

14. On February 18, 2015, during the administrative review of his claim, Plaintiff informed Prudential that due to his medical conditions, he was unable to sustain employment and went stopped working on February 13, 2015.

15. Prior to returning to work, Plaintiff submitted to Prudential a narrative letter dated November 26, 2014 from his current treating board certified neurologist, who opined Plaintiff suffers from headaches that are exacerbated while he is at work and which diminish his work performance.

16. Plaintiff also submitted to Prudential a narrative letter dated July 10, 2014 from his current treating board certified osteopathic physician, who opined, "…it is clear [Plaintiff] is unable to continue working."

17. Further supporting his claim, Plaintiff submitted an October 27, 2014, evaluation from a medical professional who after an extensive evaluation of Plaintiff and his medical conditions and reviewing the definitions of disability, concluded, "It is my opinion

1  he meets the definition of disability…it is probable that he will not recover cognitively
2  within the foreseeable future (at least one year), if not indefinitely."

3    18. Further supporting his claim, Plaintiff submitted a vocational report from a
4  certified vocational expert dated January 4, 2015, who after reviewing Plaintiff's medical
5  evidence and the definitions of disability and interviewing Plaintiff concluded, "…it is clear
6  that [Plaintiff] would not be able to sustain any employment and especially employment as a
7  sales representative for Dex Media."

8    19. In addition to the medical records and reports submitted to Prudential,
9  Plaintiff submitted three sworn affidavits from his wife, long-time friend and prior co-
10 worked, who all confirmed Plaintiff is unable to work in any occupation and also that his
11 medical condition had not improved in any way since the date he first became disabled.

12   20. As part of its review of Plaintiff's claim, Prudential obtained a medical
13 records only "paper review" of Plaintiff's claim from a physician of its choosing.
14 Defendants did not disclose to Plaintiff, either during the administrative review of his claim
15 or following its denial, the name of the reviewing physician.

16   21. Upon information and belief, Plaintiff believes the reviewing physician may
17 be a long time medical consultant for the disability insurance industry and/or Prudential.  As
18 a result, Plaintiff believes the reviewing physician may have an incentive to protect his/her
19 own consulting relationship with the disability insurance industry and/or Prudential by
20 providing medical records only paper reviews, which selectively review or ignore evidence
21 such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are
22 favorable to insurance companies and which supported the denial of Plaintiff's claim.

23   22. In a letter dated January 11, 2015, in order to engage Prudential in a dialogue
24 so he could perfect any alleged deficiencies in his claim, Plaintiff requested a complete copy

of any and all medical records only "paper reviews" from Prudential and the opportunity to respond to these reviews, as well as to provide them to his treating physicians for their response prior to Prudential rendering a determination in his claim.

23. Prior to rendering its denial in Plaintiff's claim, Prudential never shared with Plaintiff the report authored by the reviewing physician and never engaged Plaintiff or his treating medical providers in a dialogue so he could either respond to the reports and/or perfect his claim.  Prudential's failure to provide Plaintiff with the opportunity to respond to the reviewing physician's report precluded a full and fair review pursuant to ERISA, its action is also an ERISA procedural violation and violates Ninth Circuit case law.

24. In a letter dated April 22, 2015, Prudential notified Plaintiff it had denied his claim for long term disability benefits under the LTD Policy and informed him he had the ability to file a civil action lawsuit in federal court pursuant to ERISA.

25. Upon information and belief, Prudential's April 22, 2015 denial letter confirms it failed to provide a full and fair review, and in the process committed several procedural violations pursuant to ERISA due to among other reasons, completely failing to credit, reference, consider, and/or selectively reviewing and de-emphasizing most, if not all of Plaintiff's reliable evidence which proves he meets any definition of disability in the LTD policy.

26. In evaluating Plaintiff's claim, Prudential had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in his best interests and other participants" which it failed to do. [1]

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone,

27. Prudential failed to adequately investigate Plaintiff's claim and failed to engage him in a dialogue during its review with regard to what evidence was necessary so Plaintiff could perfect his claim. Prudential's failure to investigate the claim and to engage in this dialogue, or to obtain the evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason he did not receive a full and fair review.

28. Plaintiff believes Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by failing to credit Plaintiff's reliable evidence; failing to adequately investigate his claim; failing to have him examined by a medical professional when the LTD Policy allowed for one; providing one sided reviews of Plaintiff's claim that failed to consider all the evidence submitted by him and/or de-emphasizing medical evidence which supported Plaintiff's claim; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in his medical evidence as well as the impact the combination of those diagnoses and impairments would have on his ability to work; failing to engage Plaintiff in a dialogue so he could submit the necessary evidence to perfect his claim and failing to consider the impact the side effects from Plaintiff's medications would have on his ability to engage in any occupation.

29. Plaintiff alleges one reason Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest that manifested as a result of the dual roles Prudential

---

489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

1  undertook as decision maker and payor of benefits in Plaintiff's LTD claim and provided it
2  with a financial incentive to deny his claim.

3  30. Plaintiff is entitled to discovery regarding Prudential's aforementioned
4  conflicts of interest, as well as those of any individual who reviewed his claim and the Court
5  may properly weigh and consider extrinsic evidence regarding the nature, extent and effect
6  of any conflict of interest and/or ERISA procedural violation which may have impacted
7  or influenced Prudential's decision to deny his claim.

8  31. With regard to whether Plaintiff meets the definition of disability set forth in
9  the LTD Policy, the Court should review the evidence in Plaintiff's claim *de novo*, because
10  even if the Court concludes the LTD Policy confers discretion, the unlawful violations of
11  ERISA committed by Prudential as referenced herein are so flagrant they justify *de novo*
12  review.

13  32. As a direct result of Prudential's decision to deny Plaintiff's disability claim,
14  he has been injured and suffered damages in the form of lost long term disability benefits, in
15  addition to other potential employee benefits he may have been entitled to receive through
16  or from the Plan, any other Company Plan and/or from the Company as a result of being
17  found disabled.  Plaintiff believes other potential employee benefits may include but not be
18  limited to, health and other insurance related coverage or benefits, retirement benefits or a
19  pension, life insurance coverage and/or the waiver of the premium on a life insurance policy
20  providing coverage for him and his family/dependents.

21  33. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits,
22  prejudgment interest, reasonable attorney's fees and costs from Defendants.

1   34. Plaintiff is entitled to prejudgment interest at the legal rate pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate him for losses he incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order that Plaintiff meets any definition of disability set forth in the Prudential LTD policy, and which requires Defendants to pay Plaintiff his long term disability benefits and any other employee benefits he may be entitled to as a result of being found disabled pursuant to the LTD Plan and/or LTD Policy, from the date he was first denied these benefits through the date of judgment and prejudgment interest thereon;

B. For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as he meets the conditions for termination of benefits;

C. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D. For such other and further relief as the Court deems just and proper.

DATED this 14th day of August, 2015.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
      Scott E. Davis
      Attorney for Plaintiff